**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**DENNIS BURNHAM,**

    **Plaintiff,**

v().                                                                                    **Case No. 8:05-CV-1582-T-30MAP**

**COLONIAL INSURANCE COMPANY OF
WISCONSIN, et al.,**

    **Defendants.**
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Count II of Plaintiff's Third Amended Complaint (Dkt. #6). Plaintiff failed to reply to the Motion as permitted by Local Rule 3.01(b) or respond to the Court's Order to Show Cause (Dkt. #10), therefore the Court considers the Motion without a response by Plaintiff. The Court, having considered the Motion and being otherwise fully advised, finds that the motion should be denied.

Defendants move to dismiss count II for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Dkt. #6 at 1). Plaintiff's Complaint (Dkt. # 3) alleges that Defendants failed to make a good faith offer to settle Plaintiff's personal injury claim arising out of an automobile accident caused by Defendants' insured.

Defendants assert that under Florida Statutes §624.155(7) (2001), Plaintiff may elect either a civil statutory remedy or a civil common law remedy, but not both. Section 624.155(7) provides that:

> The civil remedy specified in this section does not preempt any other remedy or cause of action provided for pursuant to any other statute or pursuant to the common law of this state. Any person may obtain a judgment under either the common-law remedy of bad faith or this statutory remedy, but shall not be entitled to a judgment under both remedies.

Plaintiff may plead both a common law and statutory remedies, but he must choose between the two prior to the entry of judgment.

Defendants further argue that Plaintiff failed to meet the conditions precedent to bringing a statutory bad faith claim because he did not timely send notice to the Department of Financial Services as required under the statute. See Fla. Stat. §624.155(2)(a) (2001). The statute requires that Plaintiff give both the insurer and the Department of Financial Services sixty days written notice of the violation. Id. The statute further provides that "no action shall lie if, within 60 days after filing notice, the damages are paid or the circumstances giving rise to the violation are corrected." Fla. Stat. §624.155(2)(b)(5)(d) (2001).

Defendants allege that Plaintiff's Notice of Insurer Violation was defective because it was filed with the Department of Financial Services after the jury returned its verdict in the underlying tort action. Defendants argue that Lane v. Westfield Ins. Co., 862 So. 2d 774, 779 (Fla. 5th DCA 2003), stands for the proposition that once a jury has determined damages, it is too late to file a Civil Remedy Notice.

The Court disagrees with the Defendant's interpretation of Lane and finds that it is inapplicable to this case. Initially, the Court notes that Lane involved a first-party bad faith action against an insurer while the present case is a third-party action. In Lane, the Court

2

granted summary judgment in favor of the insurer because it found that the insurer's alleged wrongs were corrected during the sixty day period. The court found that Lane's claims against the insurer were cured when a jury returned a verdict in favor of Lane, which became final when the insurer declined to appeal. Unlike Lane, the Plaintiff's claims in this case were not cured by the jury's verdict in the underlying tort action. Rather, it was necessary for Plaintiff to obtain a judgment before bringing this bad faith action. See Lucente v. State Farm Mut. Auto. Ins. Co., 591 So.2d 1126 (Fla. 4th DCA), rev. denied, 601 So.2d 552 (Fla. 1992) (injured motorist could sue tort-feasor's insurer for bad faith only after motorist first obtained judgment against tort-feasor).

It is unclear from the Complaint what the actual facts of the case are, especially the details surrounding the conditions precedent for filing suit. For example, the Court cannot discern whether Plaintiff ever made a demand for policy limits or whether Defendant ever tendered the $10,000.00 during the sixty day period. Accordingly, the Court finds that these issues would be better resolved on summary judgment.

It is therefore **ORDERED** and **ADJUDGED** that Defendants' Motion to Dismiss Count II of Plaintiff's Third Amended Complaint (Dkt. #6) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on December 1, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record